LUCAS COUNTY, Appellant, v. JOHN LEONARD.

**Mulct Law:** TAX. Laws Twenty-fifth General Assembly, chapter 62, section 1, provides for a "Mulct Tax" against sellers of intoxicating liquors, which tax shall be a lien on all property, personal or real, used in or connected with the business. Section 2 requires the assessor to return a description of the real property wherein or whereon such traffic is conducted. *Held*, that when an owner of a lot occupies a house on one end thereof, in which he sells liquors, and rents a house on the other end, the tax is chargeable only on the former part, though the whole lot is assessed for general taxation and though the owner uses the rents in his liquor business.

SAME. The tax is assessable not only on the building and the ground on which it stands, but also on all land appurtenant to and used in connection therewith.

*Appeal from Lucas District Court.*—HON. ROBERT SLOAN, Judge.

WEDNESDAY, FEBRUARY 8, 1899.

DEFENDANT owns lot 3 in block 34, Coolbaugh & Brooks' addition to the city of Chariton. The lot is fifty feet by one hundred and seventy-four and three-tenths feet. The north end abuts on Commercial street, and the south end on Osceola avenue. On the north end of the lot is a house which defendant occupies, and in which he sold intoxicating liquor during the year 1897. There is also a dwelling house on the south end, which defendant lets to tenants in connection with the south half of the lot. It is not claimed that any intoxicating liquors have been sold or kept for sale at any other place on the property than in the house occupied by Leonard. In September, 1897, the board of supervisors of Lucas county levied a "mulct tax" of six hundred dollars on the whole of said lot. Leonard's application to have the tax remitted as to the south half of the lot was denied, and he appealed to the district court. Upon a hearing in that

VOL. 107 Ia—38

tribunal, his application was granted.   From this action of the court, the county appeals.—*Affirmed.*

*Warren S. Dungan* for appellant.

*T. M. Stuart* and *Will B. Barger* for appellee.

WATERMAN, J.—The facts, as we have stated them, are stipulated by the parties.   The question presented is as to the extent of the property upon which the so-called "mulct tax" may be made a lien.   If the property of defendant had consisted of two lots, we take it that no one would contend that more than the lot upon which the liquors were kept and sold could be made liable, although both lots may have been inclosed together.   We will suggest another case:   Suppose defendant had erected on his lot a block of three stores, two of which he rented.   If he sold intoxicating liquor in the third room, could the tax be levied against the whole block?

As we construe the statute, it makes the property used in connection with the business, and this alone, liable for the tax.   If a man has divided his property in good faith, so that a part is not used in connection with the business, then it is not liable to the tax, whether it be a part of the same platted lot, or a distinct and separate portion of the same block of buildings.   Section 1, chapter 62, Laws Twenty-fifth General Assembly, provides, in substance, that a tax of six hundred dollars shall be assessed against every person engaged in selling, or keeping with intent to sell, any intoxicating liquors, and upon any real property "within or whereon" such liquors are sold; that such taxes shall be a lien upon all property, personal or real, "used in or connected with the business."   Section 2 of such act makes it the duty of the assessor to return a description of the "real property wherein or whereon such traffic is conducted."   In section 14 it is provided that the tax "for each place where intoxicating liquors are sold" shall be paid into the county treasury, etc.   Section 17 provides for the written consent of resident

freeholders owning property within fifty feet "of the premises where said business is carried on," and that the business shall not be conducted within three hundred feet of any church or school house.  We have set out enough to show that the purpose of the law was to single out the particular premises used for the traffic in intoxicating liquors, and not a subdivision of a plat.  It does not follow, as appellant seems to think, that the real estate assessed to Leonard for general taxation should, as a matter of course, be made liable to the mulct tax.  In making the assessment for general taxation, the assessor has to inquire only as to ownership of the property; for the mulct tax, he is obliged to ascertain its use.

But appellant says that the defendant uses the whole of this lot for his business, in that the rents he collects from the south half are expended in the purchase of liquors.  This does not appear in the record; but, if it were true, it would hardly support appellant's claim.  The law does not contemplate any such indirect use.  If it did, a farm owned by defendant, and cultivated by a tenant, might also be taxed.  Indeed, such a construction would make all of a liquor dealer's real estate from which he derived an income, wherever situated in the county, liable.

It is thought by counsel for appellant that, if the whole lot is not assessable in this case, then, perhaps, nothing but the ground upon which the building stands can be held.  We cannot assent to this.  We think the law intends to subject to the tax, not only the building and the ground upon which it stands, but also all land appurtenant and used in connection therewith.  The holding of the district court in remitting the tax as to the south half of the lot was proper, and it is AFFIRMED.